306 So.2d 551 (1975)
Gordon BOYD et al., Appellants,
v.
BOULEVARD NATIONAL BANK, a National Banking Association, Appellee.
No. 74-1379.
District Court of Appeal of Florida, Third District.
January 14, 1975.
Rehearing Denied February 4, 1975.
*552 Lapidus & Hollander and Robert J. Schaffer, Miami, for appellants.
Paul, Landy & Beiley and Huber B. Parsons, Jr., Miami, for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellants, non-residents, being four of the trustees of First Mortgage Investors, a Massachusetts Business Trust, who are the defendants in this action by the appellee to recover on a promissory note given to it by First Mortgage Investors, have filed an interlocutory appeal from an order denying their motions to dismiss by which they challenged the substituted service upon them, made by serving a local agent on the theory of their doing business in this state, under § 48.071 Fla. Stat., F.S.A.
We hold the appeal has merit, and that on the motions of said defendants the service upon them should have been quashed. With reference to service on the non-resident trustees on the theory upon which the plaintiff proceeded, which was that they are engaged in business in Florida, it was not shown that the present action is one which arose out of their doing business in this state, as required in the cited statute.
The note sued upon, a copy of which is attached to the complaint, shows it to have been made by First Mortgage Investors. It was not a note of or made by the trustees, and on its face negatived liability of the trustees. In denying the defendants' motions, the court did not find that the said non-resident defendant trustees had done or were doing business in Florida, but found that "First Mortgage Investors, a Massachusetts Business Trust, has, through persons who are named in their respective capacities as trustees thereof in the complaint herein, engaged in business in the State of Florida".
The Massachusetts Business Trust, First Mortgage Investors, was shown to have complied with § 609.02 Fla. Stat., F.S.A., to qualify it to transact business in Florida, and it has been held that under the law of Massachusetts a Business Trust of that state is an entity for the purpose of being sued, and when sued can be served by serving one of the trustees. In Vischer v. Dow Jones & Co., 325 Ill. App. 104, 59 N.E.2d 884, 892, the court said: "* * * *553 The instant defendant [a Massachusetts Business Trust] was created under Chapter 182, Annotated Laws of Mass., Vol. 6, p. 72, and while it is not a corporation nor an association, it is a separate legal entity for the purpose of being sued. See Peterson v. Hopson, 306 Mass. 597, 612, 29 N.E.2d 140, 132 A.L.R. 1; Griswold v. United States, D.C., 36 F. Supp. 714, 719. Section 6 of the Massachusetts Act, G.L. (Ter.Ed.) c. 182, provides that such an association or trust may be sued in an action at law and its property shall be subject to attachment and execution in like manner as if it were a corporation and that service of process upon one of the trustees shall be sufficient." * * *.
The order appealed from is reversed.