316 So.2d 596 (1975)
YOUR CONSTRUCTION CENTER, INC., a Florida Corporation, et al., Appellants,
v.
Gordon R. GROSS, Not Individually but As a Trustee of Dominion Mortgage and Realty Trust, a Massachusetts Business Trust, Appellee.
No. 75-361.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
Rehearing Denied August 21, 1975.
*597 Edward J. McCormick of McCormick, Bedford & Backmeyer, Miami, for appellants.
John C. Dew and Kenneth Deacon of Harris, Barrett & Dew, St. Petersburg, James D. Morrison, North Palm Beach, and Robert McK. Foster, Palm Beach, for appellee.
WALDEN, Chief Judge.
This is an appeal by defendants from a trial court denial of their motion to dismiss plaintiff's complaint to foreclose a note and mortgage. The plaintiff, a trustee of Dominion Mortgage and Realty Trust, a Massachusetts business trust, brought suit to foreclose the note and mortgage as trustee. He is the sole payee on the note and mortgage. Defendants have argued that each trustee of the trust company should be named as plaintiff, and cite to Willey v. Hoggson, 90 Fla. 343, 106 So. 408 (1925):
"When parties having a joint interest in the subject-matter of litigation are not properly before the court, the appeal will be dismissed." 90 Fla. at 355, 106 So. at 412.
Willey v. Hoggson, supra, however, dealt not with an individual bringing suit in his own name as trustee, but with a finding by the Supreme Court that a claimed trust was a ruse, calculated by the parties to the arrangement to evade the liabilities of a partnership and acquire the privileges of a corporation without complying with the Florida corporation laws. The Willey court, therefore, held that all persons interested in the properties of what it termed the "association" had to be joined in the action.
In this case the plaintiff is a trustee of a Massachusetts Business Trust. We hold that where a note and mortgage are executed naming as payee one trustee to this sort of foreign trust, and not more, that trustee is entitled to maintain an action on the note and mortgage and to discharge the obligation. See Boyd v. Blvd. Nat'l Bank, 306 So.2d 551 (3d DCA Fla. 1975). We do not eliminate the possibility that there could be a motion to add parties under Fla.R.C.P. 1.250 (1975).
Further, when plaintiff files his complaint, he must necessarily allege he is the owner and holder of the note and mortgage in question. 22 Fla.Jur., Mortgages § 314 (1958). Should defendants have any allegation to the contrary they may join issue on it, and obtain adjudication as to the ownership.
Defendants alleged that the Massachusetts trust had not qualified under Chapter 609 of the Florida Statutes to do business in the State of Florida, and should be precluded from bringing the subject action. However, we find that plaintiff has not engaged in activities sufficient to subject him to Chapter 609 qualification. The action arises upon a note and mortgage on Florida real estate, made, executed and delivered in New York. In 36 Am. *598 Jur.2d, Foreign Corporations, § 335 (1968), it is noted:
"If the consummation of a contract outside the state by a foreign corporation amounts to the transaction of business, it is the transaction of business in the state where the contract is consummated." Id. at 336.
We do not hold that plaintiff's actions would not subject him to service under the long arm statutes of Florida, but his actions do not require qualification under Chapter 609, in order to bring suit. Allenberg Cotton Co. v. Pittman, 419 U.S. 20, 95 S.Ct. 260, 42 L.Ed.2d 195 (1974).
Affirmed.
OWEN and MAGER, JJ., concur.