PER CURIAM.
This is an interlocutory appeal seeking reversal of an order appointing a receiver in a mortgage foreclosure action.
Appellant-defendant, Brickell Construction Corporation, on August 10, 1972 obtained financing from TMC Mortgage Investors, a Massachusetts business trust, for the development of a 200 unit condominium complex known as Golden Gate. In May 1975 the defendant corporation defaulted in its payments and plaintiffs, as trustees of TMC, filed suit seeking to foreclose the mortgage and to recover damages. In addition, plaintiffs prayed for the appointment of a receiver pendente lite to which they alleged they were entitled pursuant to the terms of the mortgage. The trial court, after hearing, appointed a receiver over all the real and personal property of the Golden Gate Condominium development. Defendant Brickell Construction Corporation appeals.
Defendant first argues that the trial court committed reversible error in permitting plaintiffs to maintain this suit in that a trust is not a legal entity and, therefore, no one can sue on behalf of a name.
The record clearly reflects that TMC Mortgage Investors is the holder of the *341 promissory note and mortgage and plaintiffs, as trustees of TMC, are entitled to maintain this action on its behalf. See Boyd v. Boulevard National Bank, Fla.App.1975, 306 So.2d 551; Your Construction Center, Inc. v. Gross, Fla.App.1975, 316 So.2d 596.
We also considered defendant’s second contention that the trial court erred in appointing a receiver where the plaintiffs did not have clean hands and where no emergency existed, and conclude it contains no merit.
Affirmed.