333 So.2d 480 (1976)
TAMPA PROPERTIES, INC., a Louisiana Corporation Authorized to Do Business in Florida, Appellant,
v.
GREAT AMERICAN MORTGAGE INVESTORS, a Massachusetts Business Trust, Appellee.
No. 75-1555.
District Court of Appeal of Florida, Second District.
June 18, 1976.
John W. Hoft, Jr., of Gregory, Cours, Paniello, Johnson & Hayes, Tampa, for appellant.
William E. Scheu and Douglas D. Chunn, of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellee.
SCHEB, Judge.
The question presented here is whether a Massachusetts business trust qualified to do business in Florida under Fla. Stat. Ch. 609, has capacity to foreclose a mortgage without its trustees becoming plaintiffs in the suit. The trial court held it does. We affirm.
Plaintiff/appellee, identifying itself in its complaint as "Great American Mortgage Investors, a Massachusetts business trust qualified to do business under Ch. 609," sought to foreclose a mortgage against the defendant/appellant Tampa Properties, Inc. Defendant moved to dismiss for plaintiff's failure to join its trustees as indispensable parties. The trial judge denied the motion and this interlocutory appeal by defendant ensued.
Defendant argues that the issue here is controlled by Willey v. Hoggson, 1925, 90 *481 Fla. 343, 106 So. 408, where the court held that several persons who owned properties together were to be treated as an association or partnership, and required that an action on their behalf be brought in the name of all owners. We think Willey, supra, is clearly distinguishable. In Willey there was no showing that the plaintiffs, who styled themselves as a common law trust, had complied with Ch. 9125, Laws of Florida, Acts of 1923, which then regulated such trusts. Here, it is undisputed that the plaintiff business trust has fully complied with Ch. 609, Fla. Stat., empowering it to conduct its business.
The trend seems unmistakable from the recent Florida decisions. In Boyd v. Boulevard National Bank, Fla.App.3d 1975, 306 So.2d 551, the Third District Court of Appeal held such a trust was an entity for purpose of being sued, and in Your Construction Center, Inc. v. Gross, Fla.App.4th 1975, 316 So.2d 596, the Fourth District Court of Appeal held that all of the trustees of a Massachusetts business trust were not indispensable parties plaintiff in a mortgage foreclosure.
Recently, in Pinellas County v. Lake Padgett Pines, Fla.App., 333 So.2d 472, opinion filed June 4, 1976, this court held that under the Uniform Partnership Act, Ch. 72-108, Fla. Stat. § 620.56, et seq., a partnership, with capacity to hold and convey title to real estate, was the real party in interest and was an entity authorized to sue to protect its real property holdings.
Logic dictates that a common law trust authorized to transact business in Florida is the real party in interest and should be allowed to bring suit to protect its interest in this instance. Accordingly, the judgment of the trial court is affirmed.
McNULTY, C.J., and HOBSON, J., concur.