DOWNEY, Judge.
Stanley F. Brody and seven other individuals brought suit as the trustees of The UMET Trust (formerly known as Unionam-erica Mortgage & Equity Trust) to foreclose a mortgage on property in Martin County, Florida. The defendants filed a motion to dismiss the complaint on the ground, among others, that the Trustees were not the proper parties to maintain the action. The circuit court entered an order denying the motion, and Corcoran and the other defendants filed a petition for writ of certiorari (Case No. 76-2085) and a notice of interlocutory appeal (Case No. 76-2156) to obtain review of that order. We consolidated the two cases for all purposes.
Of the three arguments for reversal, only one has merit. Appellants, relying upon Willey v. W. J. Hoggson Corporation, 90 Fla. 343, 106 So. 408 (1925), contend that since the note and mortgage involved in this litigation are payable to a business trust, any action on those instruments must be brought by all the members of the trust — not just the trustees.
A business trust, variously known as a common law business trust, a Massachusetts Trust, a joint-stock association, or a syndicate, is described in an extensive annotation, Massachusetts or Business Trusts, 156 ALR 22, as follows:
“a business trust is an unincorporated business organization created by an instrument by which property is to be held and managed by trustees for the benefit and profit of such persons as may be or become the holders of transferable certificates evidencing the beneficial interests in the trust estate.” At 27.
With reference to the right to sue on behalf of such a trust the general rule seems to allow suit to be maintained by the trustees of such a trust. 156 ALR at 219; 13 Am. Jur.2d, Business Trusts, § 99. But, as a result of the decision in the Willey case, *690 Florida is often cited as an exception to the general rule.
More recently there have been several cases from the District Courts of Appeal in Florida which would seem to either distinguish Willey or narrow its application. The first of these is Boyd v. Boulevard National Bank, 306 So.2d 551 (Fla. 3d DCA 1975), which held that the trust involved was a trust organized under the laws of the State of Massachusetts, whose statutes provide that such an Association is a separate legal entity for purposes of being sued. Next, a case from this court, Your Construction Center, Inc. v. Gross, 316 So.2d 596 (Fla. 4th DCA 1975), held that one trustee of a Massachusetts trust could bring suit in his representative capacity to foreclose a note and mortgage payable solely to that trustee. A vague effort was made in Gross to distinguish the Willey case. Following the Gross case the Third District Court of Appeal decided Brickell Construction Corp. v. Pujol, 329 So.2d 340 (Fla. 3d DCA 1976), holding that the trustees of the mortgagee business trust could maintain a suit to foreclose a mortgage payable to TMC Mortgage Investors, a Massachusetts business trust. The defendant there contended:
“that the trial court committed reversible error in permitting plaintiffs to maintain this suit in that a trust is not a legal entity and, therefore, no one can sue on behalf of a name.”
The District Court affirmed denial of a motion to dismiss, citing Boyd and Gross. The final case in this series is Tampa Properties Inc. v. Great American Mortgage Investers, a Massachusetts business trust, 333 So.2d 480 (Fla. 2d DCA 1976). That suit was brought by the Trust itself without the trustees’ being named party plaintiffs. The opinion reflects that the trust had been qualified in Florida pursuant to Chapter 609, Florida Statutes, which, according to the court, distinguished that case from Wil-ley. Thus, the court held:
“Logic dictates that a common law trust authorized to transact business in Florida is the real party in interest and should be allowed to bring suit to protect its interest in this instance.”
As yet, no Florida case has held that the trustees of a business trust can maintain suit on a note and mortgage payable to a trust, absent statutory authorization in the state of its origin. But we think the Second District’s effort to distinguish Wil-ley is availing here because the complaint in the present case alleges that appellant, The UMET Trust (which was organized under the laws of California), is qualified in Florida pursuant to Chapter 609, Florida Statutes. And it appears to us that the trust involved here can very readily be made a party plaintiff by amendment.
Accordingly, the order appealed from in Case No. 76-2156 is reversed and the cause is remanded to the trial court with directions to allow appellees to amend their complaint by adding The UMET Trust as a party plaintiff and for further proceedings. The petition for writ of certiorari in Case No. 76-2085 is dismissed.
MAGER, C. J., and DAUKSCH, J., concur.