372 So.2d 179 (1979)
MALIBU PARTNERS, LTD., et al., Appellants,
v.
Harry SCHOOLEY et al., Appellees.
No. 78-1682.
District Court of Appeal of Florida, Second District.
June 15, 1979.
*180 Michael A. Gennaro of Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Fort Myers, and Steven A. Schultz, Miami, for appellants.
Jim Smith, Atty. Gen., and Harold F.X. Purnell, Asst. Atty. Gen., Tallahassee, for appellee Harry L. Coe, Jr.
William A. Keyes, Jr. of Stewart, Stewart, Jackson & Keyes, Fort Myers, for appellees Harry Schooley and Dawson McDaniel.
DANAHY, Judge.
We hold that a partnership has the capacity to bring a suit without joinder of its partners for the purpose of contesting the ad valorem tax assessment of real property held of record in the partnership name. We reverse a summary judgment in this case based on a ruling by the trial judge to the contrary.
Appellant Malibu, a limited partnership and the record title holder of a piece of real property in Lee County, wished to contest the 1977 assessment of the property for tax purposes. Section 194.171(2), Florida Statutes (1977), provides that a suit to contest a property tax assessment must be brought within 60 days following the date the assessment being contested is certified for collection. In this case the 60 days expired on January 1, 1978. Appellant brought this suit against appellees (the property appraiser and the tax collector of Lee County) in its limited partnership name on December 20, 1977. Subsequent to January 1, 1978, appellant filed an amended complaint adding its general partners as plaintiffs.
Appellees filed a motion for summary judgment on the ground that the action was not legally commenced within the time period provided by Section 194.171(2) because the suit was originally filed by an entity not empowered by the laws of Florida to sue or be sued and appellant's general partners were made parties plaintiff after the limitations period had expired. That motion was granted and summary judgment was entered in favor of appellees. This appeal followed.
Appellant concedes that Florida follows the common law rule that a partnership cannot sue or be sued in its partnership name because it has no identity apart from its members and is not a person, either natural or artificial. Appellant argues, however, that we should apply to this case our holding in Pinellas County v. Lake Padgett Pines, 333 So.2d 472 (Fla. 2d DCA 1976). In that case we observed that since 1972, partnerships have been authorized by statute in Florida to acquire and convey real property in the partnership name contrary to the common law rule that a partnership can neither take nor hold legal title to real estate. Sections 620.081 and 620.595, Florida Statutes (1977). Based on that statutory authority, we held in the Lake Padgett Pines case that a partnership holding title to real property in its partnership name may initiate litigation in its name to protect its interest in that property. Specifically, we held that Lake Padgett Pines, a partnership, had capacity to bring suit without joinder of all its partners and had the requisite standing to seek an injunction against governmental activity which it claimed to be improper and potentially damaging to its lands.
We agree with appellant that the principle of the Lake Padgett Pines case applies here. Certainly a suit contesting an assessment for ad valorem tax purposes is a suit to protect an interest in the real property subject to the tax. Accordingly, appellant had capacity to file this suit in its limited partnership name and the suit was timely filed.
Appellees maintain that this case is distinguishable from Lake Padgett Pines in that here the liability of appellant's general partners is a material issue, whereas in Lake Padgett Pines the liability of the individual partners of the partnership was not an issue. Appellees say that although unpaid taxes usually are no more than a lien on the property against which the taxes are assessed and are not a personal debt of the property owner, that situation changes if the property owner elects to file a suit challenging the assessment or the collection *181 of the tax. Appellees argue that in such a case, the property owner subjects himself to the jurisdiction of the court and to the entry of a deficiency judgment if the court finds that the amount of tax owed is greater than the amount the property owner has in good faith admitted and paid. That deficiency judgment, appellees assert, would be a lien against all of the property owners' property in the county, not just the property subject to the contested tax. Section 194.192(2).
Assuming, but not deciding, that appellees' interpretation of Section 194.192(2) is correct, their argument must be rejected in light of the fact that general partners would be personally liable for any deficiency judgment entered against their limited partnership. Sections 620.09 and 620.63, Florida Statutes (1977). Therefore, permitting a limited partnership to sue in its partnership name could not frustrate the statutory purpose. The general partners would be liable to the same extent as if they had been originally named as parties plaintiff.
Appellant advances an alternative argument that its amended complaint, which added its general partners as plaintiffs, related back to the date on which the original complaint was filed, so that the addition of the general partners as plaintiffs was made within the time provided for in Section 194.171(2). In view of our decision on the first point raised by appellant, we need not address this question.
The summary judgment in favor of appellees is reversed and this case remanded for further proceedings not inconsistent with this opinion.
GRIMES, C.J., and HOBSON, J., concur.