NESBITT, Judge.
The appellant, Stanley Fine Furniture, Inc. (Fine), is an interior decorating company. In the performance of its services, an artist employed under its direction prepares a rendering. A rendering is an isometric drawing of a room drawn to scale, which illustrates the proposed decor. Renderings enable Fine’s clients to determine whether *211 they like the position of the furniture and design of the room. In the event it is acceptable, it becomes a pattern for the decorators to utilize. The renderings are also used by a contractor as a basis for the proposed modification or alteration. When one of Fine’s clients would pay the initial deposit, the rendering would become the individual property of the client, although Fine would retain custodial use.
Fine obtained a multi-peril casualty policy from the defendant-appellee, North River Insurance Company (North River). In July, 1979, 115 renderings in Fine’s custody were destroyed by a leaky air conditioning vent. Fine then instituted this action to obtain coverage benefits pursuant to the policy.
In lieu of testimony or evidence, the parties agreed that the matter would be determined from a stipulation of facts agreed to by counsel.
Fine appeals from a final judgment dismissing the action because it was not the real party in interest. North River appeals because that judgment nonetheless determined that its multi-peril policy afforded coverage.
The Main Appeal
The trial court dismissed the action because it determined that Fine was not the real party in interest. The action was dismissed without prejudice to the individual owners of the renderings to bring suit. See Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla.3d DCA 1975).
Florida Rule of Civil Procedure 1.210(a) in part provides:
Every action may be prosecuted in the name of the real party in interest, but ... a party with whom or in whose name a contract has been made for the benefit of another . .. may sue in his own name without joining with him the party for whose benefit the action is brought, [emphasis supplied]
In the present case, the insurance contract provided that “[L]oss shall be adjusted with the named insured for the account of the owners of the property ... . ” Clearly then, this contract between Fine and North River was for the benefit of the individual owners of the renderings. As such, Florida Rule of Civil Procedure 1.210(a) expressly authorized Fine to bring the action as the real party in interest.[1]
The Cross-Appeal
Although the complaint was dismissed without prejudice, the trial court nonetheless construed the policy and found that it afforded coverage. Consequently, we must consider North River’s cross-appeal.
The policy issued to Fine covered its personal property as well as that of others, but it provided that specified property was covered only for specified perils. Since it is conceded that the damage caused by an air conditioner leak was not a specified peril, the only issue is whether the renderings were embraced within the definition of property subject to the specified perils limitation. Section III 2 provided:
Valuable papers and records meaning books of account, manuscripts, abstracts, drawings, card index systems and other records including film, tape, disc, drum, cell and other magnetic recording or storage media for electronic data processing, are covered only against loss caused by the “specified perils”.
The parties agreed in paragraph 10 of the stipulation of facts as follows: “that these renderings or drawings are valuable papers.”
The trial court, despite the stipulation, found coverage because it determined that Section III 2 of the policy applied to valua *212 ble papers that were used in or about the management and control of the internal affairs of the company rather than valuable papers which constituted the stock in trade of the company.
We do not address this finding by the trial court because we find that the stipulation is determinative of this issue. The parties stipulated that renderings or “drawings” constituted “valuable papers.” Thus, the destroyed property fits precisely within the category of items subject to the specified perils limitation. The parties are bound by unambiguous exclusions or limitations. Rakoff v. World Insurance Company, 191 So.2d 476 (Fla.3d DCA 1966), cert. denied, 201 So.2d 232 (Fla.1967). Consequently, we find that North River’s cross-appeal is meritorious.
The judgment appealed from is reversed. The effect of our determination that Fine is the real party in interest will be to reinstate Fine’s complaint with respect to its claimed loss of other property. As to the renderings, we direct that a final judgment be entered determining that the multi-peril policy in question did not afford coverage.
Reversed and remanded with directions.

. 3A Moore’s Federal Practice, ¶ 17.13[1] (2d ed. 1979), in discussing Federal Rule of Civil Procedure 17(a), which is the federal counterpart to Florida Rule of Civil Procedure 1.210(a), states:
The inclusion [of this provision] was to make it clear that a party with whom or in whose name a contract has been made for the benefit of another was not to be deprived of his common law right because another was the beneficial owner, and also to make certain that he need not join the beneficial owner.