JORGENSON, Judge.
S. E. Bastida, plaintiff below, appeals from a directed verdict rendered in favor of defendants, George E. Batchelor and Alfredo Zanatti, at the close of plaintiff’s case. We fail to see that the basis as stated by the trial court, i.e., the absence of an indispensable party, is controlling, and reverse.
Bastida sold shares in Aeronaves del Peru, S. A. to appellees.[1] The purchase price was to be paid in set installments and, in the event of default, the shares were to be returned.
Independent of and subsequent to the foregoing transaction, appellee George E. Batchelor made a cash loan to appellant, financed through one of Batchelor’s corporations, Aero Finance, Inc.[2] The collateral for the loan was the assignment of the contract reflecting payment due for the Aeronaves shares. Defendants failed to complete payment and Bastida initiated suit against them. At the close of plaintiff’s case, defendants contended the issues could not be decided without the participation of Aero Finance, the assignee of the shares. The trial court entered a final judgment in favor of Batchelor and dismissed the action with respect to Zanatti.
Aero Finance is not an indispensable party. The record reflects that the assignment to Aero Finance was as collateral. The value of the collateral was disproportionate to the loan and the business relationships of the defendants and Aero Finance were intertwined. Bastida retains a sufficient interest in the contract to maintain his position as the proper party plaintiff. “Every action may be prosecuted in the name of the real party in interest.” Fla.R.Civ.P. 1.210. See also Tampa Properties, Inc. v. Great American Mortgage Investors, 333 So.2d 480 (Fla. 2d DCA 1976). Bastida is the individual who stood to lose or gain and, thus, is the real party in interest. H. Trawick, Florida Practice and Procedure, § 4-3 (1981). As we noted in Stanley Fine Furniture, Inc. v. North River Insurance Company, 411 So.2d 210 (Fla. 3d DCA 1982):
3A Moore’s Federal Practice, ¶ 17.13[1] (2d ed. 1979), in discussing Federal Rule of Civil Procedure 17(a), which is the federal counterpart to Florida Rule of Civil Procedure 1.210(a), states:
*299 The inclusion [of this provision] was to make it clear that a party with whom or in whose name a contract has been made for the benefit of another was not to be deprived of his common law right because another was the beneficial owner, and also to make certain that he need not join the beneficial owner.
Id. at 211, n. 1.
An indispensable party has been defined as one without whom the rights of others cannot be determined. Bernstein v. Dwork, 320 So.2d 472 (Fla. 3d DCA 1975); Grammer v. Roman, 174 So.2d 443 (Fla. 2d DCA 1965). The absence of Aero Finance does not affect the rights of either of the appel-lees or those of Aero Finance.
Reversed and remanded.

. Viewed in a light most favorable to appellees, Alfredo Zanatti was the purchaser of the stock and George Batchelor was a guarantor of performance on Zanatti’s behalf.

. This secondary transaction is not an issue on this appeal.