## FLORIDA EAST COAST PROPERTIES, INC. v BYSTROM, et al.
### Case No. 81-19782 CA 09
Eleventh Judicial Circuit, Dade County

July 9, 1985

### APPEARANCES OF COUNSEL

**Bonnie J. Losak, Fine, Jacobson, Schwartz, Nash, Block & England,** for plaintiff.

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

DAVID L. LEVY, Circuit Judge.

THIS CAUSE came before the Court on May 20, 1985 pursuant to notice on Defendants' motion for judgment on the pleadings. The Court reviewed the pleadings, considered Defendants' motion, heard argument of counsel and considered the applicable authorities.

Florida East Coast Properties, Inc. filed this action to contest the

1980 ad valorem tax assessment of two contiguous parcels of real property (the "subject property"). In its Complaint, Florida East Coast alleged that it was the "taxpayer and the owner" of the subject property.

The Defendant Property Appraiser and Tax Collector answered Plaintiff's Complaint, asserting affirmatively that the Plaintiff is not the proper party to maintain this action and that the Plaintiff had failed to join one or more indispensable parties. In response, Plaintiff moved the Court on November 8, 1982 for leave to amend its Complaint "in order to allege correctly the ownership of its [sic] property at bar and nature of the Plaintiff's interest in it."

Pursuant to stipulation, Florida East Coast Properties served an Amended Complaint, alleging in pertinent part that

(a) Bank America Realty Investors, a California real estate investment trust, owns the subject property in fee simple;

(b) Plaintiff is the sole tenant of the subject property pursuant to a "long term" ground lease of unspecified duration; and

(c) the Property Appraiser incorrectly bills Employees Investment Fund, Inc., a former owner, as to part of the property.

Defendants' Answer and Motion for Judgment on the Pleadings asserted that Plaintiff's failure to join Bank America Realty Investors as an indispensable party Plaintiff affirmatively appeared from the face of the Amended Complaint. In passing on a motion for judgment on the pleadings made by a defendant, all well-pleaded material factual allegations of the Plaintiff are taken to be true, while those of the movant that have been denied are taken as not proved. Conclusions of law, however, are not admitted by the motion. H.P. Trawick, Florida Practice and Procedure, section 10-9 (1984).

The Legislature has prescribed who the parties shall be in any tax suit. Section 194.181(1), Florida Statutes (1981), provides as follows:

The plaintiff in any tax suit shall be the *taxpayer* contesting the assessment of any tax, the payment of which he is responsible for *under the law*. (Emphasis supplied).

Section 192.001(13) defines the term "taxpayer" as follows:

The person or other legal entity in whose name the property is assessed.

The Court concludes that, based on the Plaintiff's own allegations, Bank America Realty Investors is the "taxpayer" within the meaning of the aforementioned taxing statutes. Hence, as both the alleged owner

**21**

in fee simple and "taxpayer" responsible under the law, *See* section 197.056(1), Florida Statutes (1981), for payment of the tax, Bank America Realty Investors is an indispensable party to this tax assessment action. *King v. Gwynn*, 14 Fla. 32 (1871); *Malibu Partners, Ltd. v. Schooley*, 372 So.2d 179 (Fla. 2d DCA 1979), *cert. denied*, 381 So.2d 769 (Fla. 1980). *See also* unreported trial court decision in *Garfinkle v. Blake*, Case No. 75-9553 (Fla. 11th Cir. Ct. 1976), *aff'd*, 351 So.2d 421 (Fla. 3d DCA 1977).

Florida East Coast Properties has, with the Defendants' concurrence, heretofore sought and obtained leave of Court to amend its Complaint in order to allege "correctly" the ownership of the subject property and the nature of Plaintiff's interest in it. Plaintiff failed to avail itself of that opportunity to join as plaintiff the owner-taxpayer. The Court, however, is loathe to enter judgment on this basis without affording Florida East Coast Properties, Inc. one additional opportunity to amend. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Defendants' Motion for Judgment on the Pleadings is denied.

2. Plaintiff's Amended Complaint is dismissed. If it so desires, Plaintiff may serve a Second Amended Complaint within twenty (20) days of the entry of this Order. If Plaintiff fails to amend, the cause shall stand dismissed without further order of Court. Defendants shall have twenty (20) days from service thereof in which to respond to the Second Amended Complaint.

3. In view of the foregoing disposition, the issues raised by the April 11, 1985 Order Requiring Parties to Respond to Court in Writing are moot.

4. Since the cause is no longer at issue, the Order Setting Cause for Non-Jury trial for the one week period commencing July 22, 1985 is vacated.