474 So.2d 406 (1985)
IRWINDALE COMPANY, N.V., a Netherlands Antilles Corporation, Appellant,
v.
THREE ISLANDS OLYMPUS, a Florida General Partnership, Consisting of, As General Partners, Three Islands Southeastern, Inc., a Florida Corporation and Three Islands Development, Inc., a Florida Corporation, Appellees.
No. 84-1767.
District Court of Appeal of Florida, Fourth District.
August 21, 1985.
*407 Paul H. Bass of Krongold & Bass, P.A., Coral Gables, for appellant.
Evan R. Marks of Bedzow and Korn, P.A., North Miami, for appellees.
HURLEY, Judge.
The trial court entered a default and a monetary sanction after finding that the defendant's motion to dismiss was "frivolous, dilatory and without justiciable issue." This characterization is erroneous as a matter of law and, therefore, we conclude that the imposition of sanctions constitutes an abuse of discretion. Consequently, we reverse.
Three Islands Olympus, a general partnership, filed six complaints in its firm name to foreclose mortgages on six condominium units. Defendant filed a timely motion to dismiss, contending that the partnership was an improper party and that the individual partners were indispensable parties. Plaintiff apparently acceded to this contention because it filed six amended complaints which redesignated the plaintiff as "Three Islands Olympus, a Florida General Partnership, consisting of, as General Partners, Three Islands Southeastern, Inc., a Florida corporation and Three Islands Development, Inc., a Florida corporation."
Twenty-nine days after filing the amended complaints, plaintiff filed a motion for default. Since the defendant had filed a motion to dismiss, the plaintiff notified the defendant of its motion for a default.[1] Thirteen days later  and before the trial court entertained the plaintiff's motion for default  the defendant filed a motion to dismiss the amended complaints. Again, the defendant asserted that the partnership could not sue in its firm name and that the individual partners had to bring suit. The trial court heard both motions on the same day and, as indicated, ruled that the motion to dismiss the amended complaints was "frivolous, dilatory and without justiciable issue." Accordingly, the court awarded $100 to the plaintiff as a sanction against the defendant and also entered a default. Defendant appeals both actions.
We are mindful that the imposition of sanctions is a matter entrusted to the sound discretion of the trial court. Mercer v. Raine, 443 So.2d 944 (Fla. 1983). Moreover, an order imposing sanctions cannot be reversed if reasonable people could differ as to the propriety of the action taken. Ibid. Nonetheless, we conclude that the trial court abused its discretion in this case because its findings are clearly erroneous.
First, the trial court found that the defendant's motion to dismiss was frivolous and without justiciable issue. This is demonstrably incorrect. "Florida follows the common law rule that a partnership cannot sue or be sued in its partnership name because it has no identity apart from its members and is not a person, either natural or artificial." Malibu Partners, Ltd v. Schooley, 372 So.2d 179, 180 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 769 (Fla. 1980); see also Aronovitz v. Stein Properties, 322 So.2d 74 (Fla. 3d DCA 1975). At the same time, Florida recognizes an exception to this general rule. In Pinellas County v. Lake Padgett Pines, 333 So.2d 472 (Fla. 2d DCA 1976), cert. dismissed, 352 So.2d 172 (Fla. 1977), the court ruled that a partnership holding title to real property in its firm name may initiate litigation in its firm name to protect its interest in that property. See also Malibu Partners, Ltd. v. Schooley, supra; Tampa Properties, Inc. v. Great American Mortgage Investors, 333 So.2d 480 (Fla. 2d DCA 1976).
Whether this case is governed by the general rule or the exception is a legitimate issue for resolution by the trial court. To suggest that the exception's ambit is so well defined and clearly understood as to render the defendant's motion frivolous or without justiciable issue is simply incorrect. Cf. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982) (a frivolous action is devoid of merit both on the facts and the law and is therefore completely *408 untenable). Counsel has a right  indeed, a duty  to assert arguable defenses which cannot be stricken as frivolous unless they are wholly devoid of merit. See Rules 1.150 and 1.140(f), Fla.R.Civ.P. It is noteworthy that even the plaintiff's actions in this case belie the trial court's finding of frivolousness. Obviously, the plaintiff thought there was some merit to the defendant's motion because it amended the complaints to disclose the individual partners. The amended complaints, however, continued to indicate that the action was being prosecuted by a single party-plaintiff, viz., the partnership, suing in its firm name. Thus, the disclosure of the individual partners did not obviate the defendant's basic objection and the issue remained to be resolved by the trial court.
The court also found that the defendant's motion to dismiss was dilatory, i.e., interposed for the purpose of delay. Our conclusion that the motion presented a legitimate issue obviates the finding of dilatoriness. Furthermore, if the trial court meant to suggest that the motion was filed too late, that also would be erroneous. Rule 1.500(c), Fla.R.Civ.P., states that a party may "plead or otherwise defend at any time before default is entered." Here, the defendant's motion was filed before the entry of the default and therefore was timely. See Leon Shaffer Golnick Advertising v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982) (answer filed by defendant, one week before hearing on motion for default, deprived trial court of ability to consider default); see also Herbert Harris, Inc. v. Transflorida Bank, 459 So.2d 1169 (Fla. 4th DCA 1984); Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984); Freedman v. Freedman, 235 So.2d 544 (Fla. 3d DCA), cert. denied, 241 So.2d 859 (Fla. 1970). Furthermore, in light of the way the plaintiff amended the complaints, it is arguable that the defendant intended to stand on its original motion to dismiss. In any event, the motion to dismiss the amended complaints was neither dilatory nor untimely. It presented a justiciable issue and, therefore, was not frivolous.
Consequently, we reverse the trial court's order entering a default and imposing a monetary sanction. The cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] See Rule 1.500(b), Fla.R.Civ.P.