# INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, etc., et al. v BYSTROM, etc., et al.

## Case No. 84-38943 CA 10

Eleventh Judicial Circuit, Dade County

October 28, 1985

### APPEARANCES OF COUNSEL

**Heyward A. Bradman** for plaintiffs.

**Daniel A. Weiss**, Assistant County Attorney, for defendants.

### OPINION OF THE COURT

MARY ANN MACKENZIE, Circuit Judge.

THIS CAUSE came before this Court on Defendants' Motion for Final Summary Judgment on September 13, 1985. The Court having considered the entire record in this cause, heard and carefully considered written and oral arguments of counsel and being otherwise fully advised in the premises, hereby finds as follows:

1. The Plaintiffs' Complaint in the within cause was filed on October 22, 1984 to contest the 1983 ad valorem tax assessment of the subject property.

2. Pursuant to Section 197.0134, Fla. Stat. (1983), and at the request of the Tax Collector, the Dade County Board of County Commission-

ers on October 4, 1983 adopted Resolution No. R-1280-83, which extended the 1983 Dade County tax roll.

3. The affidavit of Raymond Reed, Deputy Clerk of the Dade County Property Appraisal Adjustment Board, indicates that the taxpayer's petition concerning the 1983 assessment on the subject property remained pending when the 1983 Dade County tax roll was extended and that a final decision on the subject assessment was rendered by the PAAB on July 23, 1984 when it (PAAB) certified that assessment to the Dade County Property Appraiser pursuant to Section 193.122, Fla. Stat. (1983).

4. Section 194.171(2), Fla. Stat. (1983), provides that an action contesting a tax assessment may not be brought after 60 days from the date a decision is rendered concerning said assessment by the Property Appraisal Adjustment Board if a petition contesting the assessment had not received final action by the Property Appraisal Adjustment Board prior to extension of the roll under Section 197.0134, Fla. Stat. (1983). Pursuant to the very language of subsection (6) of Section 194.171, Fla. Stat. (1983), this requirement is jurisdictional. Based upon the facts in this record, this court lacks subject matter jurisdiction over this cause because this action was filed more than 60 days after July 23, 1984, when the Board rendered its decision on the within assessment and certified it to the Dade County Property Appraiser.

5. This Court is cognizant of the fact that the Supreme Court held in *Miller v. Nolte*, 453 So.2d 397 (Fla. 1984), that the 60-day time limit contained in Section 194.171(2), Fla. Stat. (1981), was a statute of limitations rather than a statute of non-claim; however, that decision was based on the statute before its amendment in 1983 which specifically made the 60-day requirement jurisdictional. *See* Section 194.171(6), Fla. Stat. (1983).

6. The record also indicates that the taxpayer received notice which was timely mailed by the Property Appraisal Adjustment Board of the findings of fact, conclusions of law and recommendations of the Special Master as well as notice that the Board adopted those recommendations as its decision.

7. Additionally, the record conclusively demonstrates and the Court therefore finds that Plaintiffs have failed to join the owner of the subject property, an indispensable party in tax assessment proceedings. *See* Section 194.181(1)(a), Fla. Stat. (1983); *King v. Gwynn*, 14 Fla. 32 (1871); *Malibu Partners, Ltd. v. Schooley*, 372 So.2d 179 (Fla. 2d DCA 1979), *cert. denied*, 381 So.2d 769 (Fla. 1980). *See also* unreported trial court decision in *Garfinkle v. Blake*, Case No. 75-9553 (Fla. 11th Cir. Ct. 1976), *aff'd*, 351 So.2d 421 (Fla. 3d DCA 1977).

18

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED and ADJUDGED as follows:

1. Plaintiffs' Complaint is hereby dismissed with prejudice as being barred for want of subject matter jurisdiction as a result of Plaintiffs' failure to comply with the jurisdictional prerequisite to filing suit as set forth in Section 194.171(2), Fla. Stat. (1983).

2. Nonjoinder of the owner of the property in violation of Section 194.181(1)(a) supports the entry of judgment in favor of Defendants for failure to join an indispensable party plaintiff.

3. There is no genuine issue of material fact and Final Summary Judgment is hereby entered in favor of Defendants, who shall go hence without day.

4. The Court reserves jursidiction to tax costs, if any, in favor of Defendants.