517 So.2d 775 (1988)
LOUIS BENITO ADVERTISING, INC., Appellant,
v.
Richard L. BROWN and Walter L. Copeland, Individually and As Partners Doing Business As Brown & Copeland, and Individually and As Partners Doing Business As Coopers & Lybrand, Appellees.
No. 86-2932.
District Court of Appeal of Florida, Second District.
January 6, 1988.
Lee S. Damsker, of Maney, Damsker & Arledge, P.A., Tampa, for appellant.
Mike Piscitelli, of Stagg, Hardy & Yerrid, P.A., Tampa, for Louis Benito.
William C. Humphreys, Jr. and Todd S. Fairchild, of Alston & Bird, Atlanta, Ga., and Marvin E. Barkin, of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellee Richard L. Brown and for Coopers & Lybrand.
Robert E. Morris, of Morris & Rosen, P.A., Tampa, for appellee Walter L. Copeland.
SCHEB, Judge.
Is it necessary for a plaintiff to name all partners as defendants in a suit against a partnership when only seeking a judgment enforceable against the assets of the partnership?
Plaintiff, Louis Benito Advertising, Inc., filed a professional malpractice action against Coopers & Lybrand, an accounting firm, and Richard L. Brown and over 200 *776 other individuals alleged to be partners. After Brown was served as a partner of the firm, Coopers & Lybrand answered and sought to strike from the pleadings "all individuals listed in the caption on whom service has not been made." The trial court granted the motion. Eventually, at Benito's request, the trial court clarified its order to provide that all persons named as partners, except Brown, were dismissed as party defendants. This appeal followed.
At oral argument Benito conceded that its goal is to obtain a judgment binding upon the assets of Coopers & Lybrand and not upon the assets of any individual partner, except Brown. Appellees, in turn, acknowledged that if Benito is successful in obtaining a judgment it will be enforceable against the partnership assets of Coopers & Lybrand.
The crux of this appeal then is simply Benito's concern that since Florida follows the common law rule that a partnership has no identity apart from its members, it may be proceeding against a nonentity. Irwindale Co., N.V. v. Three Islands Olympus, 474 So.2d 406 (Fla. 4th DCA 1985); Malibu Partners, Ltd. v. Schooley, 372 So.2d 179, cert. denied, 381 So.2d 769 (Fla. 1980). In this opinion we seek to allay that concern.
Service of process on one partner gives a court jurisdiction over the partnership and authorizes it to render a judgment binding on the partner served and the partnership property. Nevertheless, a judgment will not be effective as a personal judgment against a partner not actually served. Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987); Fidelity and Casualty Co. of New York v. Homan, 116 So.2d 444 (Fla.2d DCA 1959).
Notwithstanding these general principles of law, we have held that a partnership may institute litigation in its firm name to protect its assets. Pinellas County v. Lake Padgett Pines, 333 So.2d 472 (Fla.2d DCA 1976), cert. dismissed, 352 So.2d 172 (Fla. 1977). As a corollary we think it follows that a plaintiff who sues a partnership and obtains service on a partner as provided in section 48.061(2), Florida Statutes (1985), would not be barred from enforcing a judgment against partnership assets.
Because it is unnecessary for Benito to serve the additional partners and it has no intention to do so, retention of the some 200 named individuals in Benito's complaint would serve no useful purpose. Therefore, we do not fault the trial court.
Affirmed.
DANAHY, C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.