PER CURIAM.
The issue in the case sub judice is whether the general partners of several limited partnerships were incorrectly dismissed out as defendants by the trial court because they did not have sufficient contact with the State of Florida. We reverse.
It is well settled that a limited partnership is not a legal entity and has no identity apart from its members. See Irwindale Co. v. Three Islands Olympus, 474 So.2d 406 (Fla. 4th DCA 1985); Malibu Partners, Ltd. v. Schooley, 372 So.2d 179 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 769 (Fla.1980). Thus, if the limited partnership has minimum contacts, it logically follows that the general partners must also have minimum contacts. Thus, the trial court erred in dismissing the general partners since a partnership gains its identity from its general partners. See Odell v. Signer, 169 So.2d 851 (Fla. 3d DCA 1964), cert. denied, 176 So.2d 94 (Fla.1965); and Horace v. American National Bank & Trust Co. of Ft. Lauderdale, 251 So.2d 33 (Fla. 4th DCA 1971).
In Chase Lincoln First Bank v. Borinquen, Ltd., 494 So.2d 295 (Fla. 3d DCA 1986), the court held that naming the limited partners did not prevent naming a general partner as a party:
Section 620.30, Florida Statutes (1985) clearly provides that a limited partnership may be named as a party to a proceeding and that service shall be accom *478 plished upon its general partner. This does not prevent the general partner from also being named as party to a cause. We therefore reverse the order under review dismissing Broinquen, Ltd., as a party defendant in the trial court.
However, we note that section 620.30 cited above has been repealed and no comparable statutory section has been instituted.
In addition, we are of the opinion that the facts sub judice demonstrate sufficient minimum contacts with the state by the general partners. The record indicates that the general partners hired Florida accountants and attorneys to develop the sales prospectus. Also, the general partners spoke with the Florida sales people soliciting investors. Additionally, two general partners secured loans from a Florida bank to purchase interests in the limited partnerships. All the limited partners’ capital contributions were deposited in a Florida bank account.
The long-arm statute expands jurisdiction to cover defendants engaged in substantial activity in Florida. Windels, Marx, Davies & Ives v. Solitron Devices, Inc., 510 So.2d 1177 (Fla. 4th DCA 1987). The foregoing facts definitely establish the partners’ contact with this state. Beside their duties as general partners, general partners Brosche and David Brown have engaged in a general course of business in this state by securing loans. If this court only considered that, there would be insufficient contact because each loan was a single transaction. Lyster v. Round, 276 So.2d 186 (Fla. 1st DCA), cert. denied, 283 So.2d 105 (Fla.1973). However, coupled with their activities as partners, there was adequate contact with the state. Devaney v. Rumsch, 228 So.2d 904 (Fla.1969); Odell v. Signer; Horace. Accordingly, the trial court erred in dismissing the general partners.
REVERSED AND REMANDED.
LETTS, GLICKSTEIN and STONE, JJ., concur.