HERSEY, Judge.
Appellant, the law firm of Brinkley, McNerney, Morgan & Solomon, performed legal services for Morton L. Ginsberg personally and for appellees, Community Acres Associates, Ltd., and Loch Lomond I Associates, Ltd., two limited partnerships of which Ginsberg was the sole general partner. In an attempt to recover compensation for those services, appellant law firm first brought suit against Ginsberg individually. During the course of that litigation Ginsberg made an offer of judgment which was accepted, and final judgment was entered thereon in favor of the law firm. The action underlying this appeal was then commenced by the law firm against appellees seeking to recover the balance of its fees. The trial court granted appellees’ motion for summary judgment on the following grounds:
The Court finds that the Satisfaction of Judgment entered in response to the Judgment in suit one served as a release of all parties jointly liable upon the invoices attached to the Complaint in suit one. The Restatement of the Law of Judgments § 95 controls the instant case, “discharge or satisfaction of a judgment against one of several persons, each of whom is liable for a tort, breach of contract or other breach of duty, discharges each of the others from liability therefore”.
(Citations omitted.) The issue is whether the doctrine of estoppel by judgment has been appropriately applied under the circumstances.
In the original suit the law firm sought to recover compensation for services performed for Ginsberg individually and for services performed for the limited partnerships. Partnership law provides that a general partner of a limited partnership is jointly liable for the debts and obligations of the partnership. See §§ 620.63(2), 620.-125(2), Fla.Stat. (1991). If Ginsberg had been sued in both his individual and his partnership capacity, then it is reasonably clear that the second action would have been barred, the summary judgment would *687 have been correct, and this case would be an affirmance.
That is not what happened here, however. As a defense in the first action, Ginsberg alleged that some of the legal services had been performed for the partnerships rather than for him in his individual capacity, and therefore he personally should not be held legally responsible to pay for those services. In light of his defense the law firm sought and was granted permission to add the partnerships as party defendants. At this point in the litigation the offer of judgment was made and the controversy was terminated before the partnerships could be brought into the action.
The question is whether these facts should change the result. We hold that they do and reverse.
During the course of the original litigation both parties eventually accepted the proposition that Ginsberg could not be required to answer for that portion of the legal fees for which he was jointly liable with the partnerships as their general partner since personal service of process had not been perfected on him in Florida and the partnerships were never brought into that litigation by service of process. This was correct as a general proposition of partnership law. See Bay City Mgt, Inc. v. Henderson, 531 So.2d 1013, 1015 (Fla. 1st DCA 1988) (plaintiff could not benefit from provision in section 48.061(3), Florida Statutes (1985), that service upon a general partner found in Florida “is as valid as if served on each individual member of the partnership” where general partners were not in and not served in Florida, thus service issued to foreign limited partnership pursuant to section 48.071, Florida Statutes (1985), was service upon the partnership but not upon the general partners); see also Louis Benito Advertising, Inc. v. Brown, 517 So.2d 775, 776 (Fla. 2d DCA 1988) (service of process on one partner gives court jurisdiction over domestic limited partnership under section 48.061(2), Florida Statutes (1985), and authorizes it to render judgment binding on the partner served and partnership property but judgment will not be effective as personal judgment against a partner not actually served); Brittany Ltd. v. Brittany of Michigan, 468 So.2d 344, 345 (Fla. 1st DCA) (court not willing to establish precedent authorizing judgment to be entered against general partner of foreign limited partnership not named as party defendant, not listed in complaint and not served with process where substituted service of process was effectuated only upon limited partnership), rev. denied, 479 So.2d 117 (Fla.1985).
Under such circumstances, we find the offer of judgment from Ginsberg was made in his individual capacity, and subsequent events affected only that portion of the legal fees for which he was individually liable. At no time, either in the offer of judgment or in the previous pleadings, did Ginsberg purport to act in his capacity as a partner and in fact he vigorously resisted appellant’s attempts to recover those legal fees involving joint liability. He cannot now legitimately adopt a contrary legal posture.
Based upon the foregoing analysis we easily distinguish the cases relied upon by appellees, agree with the rationale proposed by appellant, and reverse the summary judgment.
REVERSED AND REMANDED.
DELL and STONE, JJ., concur.