KLEIN, Judge.
In this appeal from a final judgment appellant argues that the trial court should have granted her motion to dismiss the complaint because it did not contain allegations that she, a resident of Virginia, was amenable to personal jurisdiction in Florida. Although *1190 this error may well have resulted in a reversal if appellant had taken a non-final appeal from the interlocutory order,[1] we find the denial of that motion has, in light of subsequent events, become harmless error.
Appellant, a then-resident of St. Lucie county, was one of the organizers of a bank to be formed in St. Lucie county who borrowed funds from the appellee bank to pay her share of the organizational costs. The efforts to form the bank were unsuccessful, and when appellant refused to repay her loan, the bank filed suit.
After unsuccessful attempts to serve appellant in St. Lucie county, the bank discovered that she had sold her residence and moved to Virginia. The bank then had the same complaint served on appellant in Virginia. Upon receiving the suit papers, appellant retained counsel in Florida and moved to dismiss on several grounds, one of which was that the complaint did not contain allegations sufficient for the Florida court to obtain personal jurisdiction over her. The trial court denied her motion to dismiss, found her hable on the note after a trial, and appellant now appeals the final judgment, arguing that her motion to dismiss should have been granted.
While we agree that the motion to dismiss should have been granted, we conclude that the error is harmless, because the proof at trial established that she was doing business in this state so as to subject her to jurisdiction under section 48.193(a), Florida Statutes. Her activity as one of the organizers of the bank was clearly sufficient to constitute the requisite minimum contacts, so that she was not denied due process in that regard. See, e.g.; Kelly v. State of Florida, Dept. of Ins., 597 So.2d 900 (Fla. 3d DCA 1992); Levinson v. Brosche, 578 So.2d 477 (Fla. 4th DCA 1991).
Nor does she have a due process argument based on lack of notice, since she was personally served. The issue is not, therefore, whether the judgment is void, but rather whether the judgment is voidable (subject to reversal on direct appeal) because of the deficient complaint. See, e.g., State v. Chillingworth, 126 Fla. 645, 171 So. 649 (1936).
The fact that a complaint is defective, and thus subject to dismissal, will only result in a reversal of a final judgment if the defendant has been prejudiced by the error. Batlemento v. Dove Fountain, Inc., 593 So.2d 234 (Fla. 5th DCA), review denied, 601 So.2d 551 (1992). We conclude there was no prejudice here because the complaint could easily have been amended to satisfy the requirements of section 48.193(a), the proof supported what the complaint should have alleged, and appellant would still have been liable on the note.[2] We have considered appellant’s argument that she did not sign the note, but find ample evidence to support the trial court’s conclusion that she did.
We therefore affirm.
GLICKSTEIN and FARMER, JJ., concur.

. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) authorizes a non-final appeal from an order relating to jurisdiction over the person. This rule authorizes appeals involving the applicability of the long-arm statute to nonresidents. Page v. Ezell, 452 So.2d 582 (Fla. 3d DCA 1984).

. Our conclusion that the error has become harmless is not inconsistent with subsection (g) of rule 9.130, which provides that the failure to take a non-final appeal does not preclude review of the non-final order on appeal from the final judgment. As the comment to that subsection reflects, while the failure to take an interlocutory appeal is not a waiver, the error could ultimately be rendered harmless. And section 59.041, Florida Statutes provides that no judgment shall be reversed as to, among other things, "pleading or procedure” unless there has been a miscarriage of justice.