PER CURIAM.
Audrey S. Baker, as personal representative of the estate of Roy M. Baker, and C. Ronald Belton, appellants, seek review of the trial court’s dismissal of all claims against the limited partnerships named in their Amended Complaint. Appellants maintain the trial court acted improperly in dismissing the limited partnerships, because jurisdiction of the partnerships was obtained through proper service on the general partner. In the alternative, appellants urge that section 620.8307, Florida Statutes,[1] should be applied retrospectively to permit their action against the partnerships; or, the general partner’s acceptance of service and voluntary appearance in the *1236 lawsuit constituted a waiver of any objections to suit against the partnerships. Our reversal with respect to appellants’ first point obviates the need to. consider the alternative arguments.
Appellants’ initial complaint was filed September 1, 1995. According to the allegations of the complaint, competing groups had been formed in Jacksonville, Florida, to acquire a National Football League (NFL) franchise. In 1988, Roy M. Baker was a member of Jacksonville’s original ownership group seeking an NFL franchise; Thomas F. Petway, III, formed Touchdown Jacksonville, Inc., as a competing group. Subsequently, Petway sought a reconciliation of the competing groups. In November 1989, Baker became a shareholder in Touchdown Jacksonville, Inc. In January 1990, C. Ronald Belton was invited to join Touchdown Jacksonville, Inc. as a shareholder, and became a shareholder in February 1990.
The complaint alleges that TDJP, Ltd. is a Florida limited partnership formed at the instigation of Petway and Seldin to serve as a vehicle to squeeze out appellants/plaintiffs and other individual investors, and to usurp the opportunity to secure an NFL franchise. According to the complaint, appellants/plaintiffs, and others, were fraudulently induced by appellees/de-fendants to consent to transfer the Gator Bowl Stadium Lease between the City of Jacksonville and Touchdown Jacksonville, Inc. to TDJP, Ltd. The complaint states the Gator Bowl Lease constituted substantially all of the assets of Touchdown Jacksonville, Inc.
Summons were issued and served, and returns of service were filed on November 13, 1995, as to Thomas F. Petway, III, Jacksonville Stadium, Inc., and TDJ Football, Inc.; on November 14, 1995, as to TDJ Football, Ltd.; on November 15, 1995, as to Touchdown Jacksonville Partners, Ltd.; on November 21, 1995, as to David M. Seldin; and on December 7, 1995, as to Jacksonville Jaguars, Ltd.
On November 29, 1995, appellees/defen-dants filed a motion to dismiss pursuant to Florida Rule of Civil Procedure 1.140(b)(6), for failure to state a cause of action. All named defendants joined in the motion to dismiss. Among other things, the named defendants alleged the claims of negligent misrepresentation, breach of shareholders agreement, tortious interference with contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and constructive fraud constituted claims for recovery of damages suffered by the corporation, rather than damages suffered uniquely by the plaintiffs (appellants herein), and must be brought in a derivative action. Appellants/plaintiffs filed a derivative action, as well as motions to consolidate.
Thereafter, the trial court issued an order granting the motion to dismiss without prejudice as to most counts, with leave to file an amended complaint. Prior to the filing of the amended complaint, appel-lees/defendants filed their answer to the complaint in the derivative action.
Count One of the amended complaint is an action for fraud in the inducement against Petway and Seldin; Count Two is an action for negligent misrepresentation against Petway and Seldin; Count Three is an action for damages for violation of the Florida Securities and Investor Protection Act against Petway and Seldin; Count Four is an action for breach of fiduciary duty against Petway; Count Five is an action for breach of fiduciary duty against Seldin; Count Six is an action for aiding and abetting breach of fiduciary duty against Seldin, the Jacksonville Jaguars, Ltd. defendants, and Weaver; Count Seven is an action for violation of section 607.1202, Florida Statutes, against Petway and Jacksonville Jaguars, Ltd. defendants; Count Eight is an action for constructive fraud against Seldin; Count Nine is an action for breach of the November 10, 1989, Shareholders’ Agreement against Petway; Count Ten is an action for breach of the composite September 13, 1991, *1237 Transfer Agreement against Petway; Count Eleven is an action for tortious interference with contract against Seldin and the Jacksonville Jaguars, Ltd. defendants.
On September 12,1997, all named defendants joined in a motion to dismiss, or in the alternative motion to strike. On September 24, 1997, appellees/defendants filed a memorandum of law in support of their motion to dismiss.
An order on the motion to dismiss was filed July 2, 1998. In the portion of the order pertinent to this appeal, the trial court dismissed Jacksonville Jaguars, Ltd. from Counts Six, Seven, and Eleven of the ’ amended complaint, based on the court’s finding that “Defendant JJL is a limited partnership which cannot act as its own person and which may not be sued in its own name under Florida law.” Appellants/plaintiffs and appellees/defendants filed motions for clarification, reconsideration, or rehearing. In the order denying in part appellants’ motion for clarification, the trial court found that at the time appellants’ causes of action arose and at the time their claims were brought on September 1, 1995, the common law prohibiting suits against partnerships was in effect. Therefore, the court denied reinstatement of claims against all limited partnerships named in the amended complaint.
“Jurisdiction over persons or entities is ordinarily acquired by service of process on them, or by their voluntary appearance and submission to the court.” See Manufacturers National Bank of Detroit v. Moons, 659 So.2d 474, 475 (Fla. 4th DCA 1995). Section 48.061, Florida Statutes, governing service on partnerships and limited partnerships, provides in pertinent part:
(2) Process against a domestic limited partnership may be served on any general partner or on the agent for service of process specified in its certificate of limited partnership or in its certificate as amended or restated and is as valid as if served on each individual member of the partnership. After service on a general partner or the agent, the plaintiff may proceed to judgment and execution against the limited partnership and all of the general partners individually....
Under the common law rule, a partnership has no identity apart from its members. See Louis Benito Advertising, Inc. v. Brown, 517 So.2d 775, 776 (Fla. 2d DCA 1988). When the general partner of a limited partnership is a corporation, service is made on the corporation’s officers or agents, pursuant to section 48.081, Florida Statutes. See Country Clubs, Etc. v. Zaun Equipment, Inc., 350 So.2d 539, 542 (Fla. 1st DCA 1977). “Service of process on one partner gives a court jurisdiction over the partnership and authorizes it to render a judgment binding on the partner served and the partnership property.” See Louis Benito Advertising v. Brown, 517 So.2d at 776.
In Brown, the court noted that since it previously had held that a partnership could sue in its firm name to protect its assets, “it follows that a plaintiff who sues a partnership and obtains service on a partner as provided in section 48.061(2), Florida Statutes (1985), would not be barred from enforcing a judgment against partnership assets.” 517 So.2d at 776. See also Chase Lincoln First Bank, N.A v. Borinquen, Ltd., 494 So.2d 295 (Fla. 3d DCA 1986) (Court reversed dismissal of Borinquen, Ltd. as party defendant, because section 620.30[2] “clearly provides that a limited partnership may be named as a party to a proceeding and that service shall be accomplished upon its general partner”; general partner also may be named as party).
In the instant case, it is undisputed that TD J Football, Inc. is the general part *1238 ner of Jacksonville Jaguars, Ltd., a limited partnership, and both partners are named defendants in the underlying lawsuit. Further, it is undisputed that the general partner was properly served. Indeed, ap-pellees’ counsel acknowledged as much during oral argument in this court. However, counsel asserted the general partner was not served as the partner of the limited partnership, thus service was not effected on the limited partnership. In their appellate brief and during oral argument, appellants urged that if it was unclear from their pleadings that TDJ Football, Inc., the corporate general partner of Jacksonville Jaguars, Ltd. (JJL), was sued in its capacity as the general partner of the limited partnership, appellants should be allowed to amend so as to cure any perceived deficiencies in the efficacy of the pleadings and service of process to name Jacksonville Jaguars, Ltd. as a party defendant in the underlying lawsuit. We agree.
Accordingly, we reverse the portion of the appealed orders dismissing Jacksonville Jaguars, Ltd. from Counts Six, Seven, and Eleven of the amended complaint, and remand this cause for further proceedings.
JOANOS, WOLF and PADOVANO, JJ., CONCUR.

. Section 620.8307(1), Florida Statutes, provides: "A partnership may sue and be sued in the name of the partnership.” The effective date of the section was January 1, 1996. See Ch. 95-242, § 13, Laws of Fla.

. As appellants in this case note, section 620.30, Florida Statutes (1985), is virtually identical to section 48.061(2).